**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GEORGE REUSCH, JR.,<br><br>Plaintiff,<br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | <br><br><br>Case No.<br><br>JURY TRIAL DEMANDED |

**DEFENDANT THE HERTZ CORPORATION'S NOTICE OF REMOVAL**

Defendant The Hertz Corporation ("Hertz"), by and through its undersigned counsel, hereby files this Notice of Removal to Federal Court ("Notice of Removal") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 removing the action titled *George Reusch, Jr. v. The Hertz Corporation*., Case No. 2023L006694, from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity amongst the Plaintiff and Defendant. Hertz denies the allegations contained in the state court pleadings filed in the Circuit Court of Cook County, Illinois and files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Hertz states as follows:

**STATEMENT OF JURISDICTION**

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b)

and for the reasons explained below.

## THE REMOVED ACTION

2. Plaintiff, George Reusch, Jr., filed his complaint (the "Complaint") against Hertz on July 5, 2023, in the Circuit Court of Cook County, Illinois, under Case Number 2023L006694 (the "Action").

3. Plaintiff served Hertz with a Summons and Complaint on July 13, 2023.

4. True and correct copies of all process, pleadings, and orders served upon Hertz are attached as **Exhibit A** and are being filed along with this Notice of Removal.

5. Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in this case have been served or otherwise received by Hertz, or, to Hertz's knowledge, are presently on file in the Circuit Court.

6. Hertz did not respond to the Complaint in the Circuit Court prior to removal.

## PROCEDURAL ISSUES

7. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served Hertz with the Summons and Complaint on or about July, 13 2023. *See* Ex. A. Therefore, this Notice of Removal is timely filed within 30 days after service of the Summons and Complaint on Hertz.

8. Venue is proper under 28 U.S.C. § 1441(a) because the Circuit Court of Cook County, Illinois, where the state court action is pending, is located within the United States District Court for the Northern District of Illinois, Eastern Division.

## JURISDICTION IS PROPER UNDER 28 U.S.C. § 1332(a)

9. Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where (1) the action is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As explained below, this Action

satisfies both of these requirements, and this Court, therefore, has jurisdiction.

**THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

10. Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

11. As alleged by Plaintiff in the Complaint, Plaintiff is a citizen of the State of Illinois, and Hertz is *not* a citizen of the State of Illinois. *See* Ex. A, Compl. ₱₱ 1-2. Hertz is incorporated under the laws of the State of Delaware and its principal place of business in the United States is located in Estero, Florida. *See* Ex. A, Compl. ₱ 2. Accordingly, Hertz is a citizen of Delaware and Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …"); *see also CCC Info. Sers., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (for purposes of diversity jurisdiction, "a corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business").

12. Because Plaintiff is a citizen of Illinois and Hertz is not a citizen of Illinois, there is complete diversity of citizenship in this action as required by 28 U.S.C. § 1332(a).

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

13. Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs. . . ."

14. "[A] defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) ***only*** when the plaintiff contests, or the court questions, the

defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added). Although Hertz does not concede or admit, in any fashion, that the claim for the amounts alleged in the Complaint have legal or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold.

15. The matter in controversy centers around the termination of Plaintiff's employment with Hertz on or around August 2, 2022. *See* Ex. A, Compl. ₱₱ 36-42.

16. At the time of hire on or around April 5, 2022, Plaintiff was paid an annual salary of $35,568.00. *See* Ex. A, Compl. ₱ 9.

17. Among other forms of relief, including all loss of income since his termination date, Plaintiff seeks the accompanying value of benefits lost, front pay, compensatory and punitive damages, and attorneys' fees and costs. *See* Ex. A, Compl. ₱ 42 and Prayer for Relief.

18. As of the date of this notice, Plaintiff's alleged back pay of his salary amounts to $36,737.36. *See* Ex. A, Compl. ₱ 9; *see also* Plaintiff's paystubs, attached as **Group Exhibit B**.

19. On top of Plaintiff's salary, Plaintiff earned commissions totaling $13,635.52. *See* Ex. B. Had Plaintiff continued to earn commission at this rate, he would have earned $54,542.08 per year. Thus, Plaintiff's alleged back pay of his commission is $56,335.25.

20. Plaintiff also was eligible for benefits while employed by Hertz. *See* Ex. B; *see also* Plaintiff's April 5, 2022 Offer Letter, attached as **Exhibit C.** At termination, Plaintiff was participating in Hertz's medical plan, dental plan, 401K retirement program, health savings account, and supplemental spouse life insurance benefits. *See* Ex. B. In his final pay period, Plaintiff's contribution to these benefits totaled $1,060.57. *See id.* The exact amount of Hertz's contribution during Plaintiff's employment was significant and the value of those lost benefits since termination exceeds $5,000. *See id.*

21. Plaintiff also is seeking compensatory damages for emotional distress, humiliation, anxiety, and loss of reputation, among other compensatory damages, as well as punitive damages. Illinois does not cap either remedy.

22. Compensatory damages can vary depending on the evidence presented by a plaintiff. Despite not having a specific amount requested, this remedy contributes to the overall amount in controversy.

23. Punitive damages also vary greatly, depending on the evidence a plaintiff presents of deliberate, intentional, willful, or other malicious conduct. Using the multiplier method, punitive damages can amount to between 1 and 9 times the compensatory damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution[.]"). Therefore, the amount of punitive damages in controversy ranges from $36,737.36 and $330,636.24, without consideration of the additional noneconomic damages.

24. Although Illinois does not limit a plaintiff's recovery of compensatory or punitive damages, federal law for termination for unlawful termination is informative. Compensatory and punitive damages sought for retaliatory discharge claims brought under Title VII of the Civil Rights Act of 1964 are capped a $300,000 for employers that have more than 500 employees.

25. Attorneys' fees also are properly considered in determining the amount in controversy. *See Brandy v. Brotherhood's Relief & Comp. Fund*, No. 07-C-2204, 2007 WL 9815742, at *2 (N.D. Ill. July 24, 2007) ("if a plaintiff seeks statutory penalties or attorneys' fees, those amounts will count towards the amount in controversy 'exclusive of interests and costs. . . .'").

26. Although Plaintiff's Complaint prays for judgment "in excess of $50,000.00," a full

and fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000, exclusive of interests and costs. *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815-16 (7th Cir. 2006) (finding the amount in controversy satisfied where the lost earnings amounted to $45,000 and future losses, including income foregone or medical expenses incurred "brings the total over the threshold").

**NOTICE TO ADVERSE PARTY AND STATE COURT**

27. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff and the Clerk of Court for Cook County, Illinois. Copies of the Notice to Clerk and Notice to Plaintiff are attached hereto as **Exhibits D** and **E**, respectively. Hertz reserves the right to amend or supplement this Notice of Removal.

28. Plaintiff requests a trial by jury. *See* Ex. A, Compl. ₱ 6.

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Hertz hereby removes this Action now pending in the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that the Court exercise jurisdiction over this action.

Date: August 14, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Sarah K. Quinn*

Sarah K. Quinn (ARDC No. 6321341)
Sarah.Quinn@huschblackwell.com
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
312.655.1500

Brittany M. Falkowski (ARDC No. 6304734)
Brittany.Falkowski@huschblackwell.com
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
314.480.1500

***Attorneys for Defendant The Hertz Corporation***

## CERTIFICATE OF SERVICE

Sarah K. Quinn, an attorney, herby certifies that a true and correct copy of the foregoing, **Defendant's Notice of Removal**, was filed with the Court's CM/ECF electronic filing system on August 14, 2023 and served via email and U.S. First Class Mail on:

**Attorney for Plaintiff**

Pasha Vaziri, Esq.
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
pvaziri@vaziri.law

*/s/ Sarah K. Quinn*